IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. JONES, et al., | CASE NO. 1:05-CV-1170 REC DLB P |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK OF COURT TO OPEN FIVE NEW ACTIONS FOR PLAINTIFFS WESTLAKE, McLEOD, SAISE, WEBB and ROBINSON |
| vs. | |
| GWENDOLYN MITCHELL, et al., | |
| Defendants. | (Doc. 1) |

I.  Severance of Plaintiffs' Claims

Plaintiffs Christopher M. Jones, John Westlake, Alfred McLeod, Alfonso Saise, Jr., Donald Webb and Calvin Robinson are state prisoners proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, all six plaintiffs are in the custody of the California Department of Corrections. In this court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and

confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all six plaintiffs will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff Jones will proceed in this action, while plaintiffs Westlake, McLeod, Saise, Webb and Robinson will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of plaintiffs Westlake, McLeod, Saise, Webb and Robinson will be severed, each plaintiff shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

II.     <u>Plaintiff Jones' Application to Proceed In Forma Pauperis</u>

Plaintiff Jones did file an application to proceed in forma pauperis. However, plaintiff Jones did not complete the proper application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In addition, plaintiff Jones did not include the required original signature by an authorized officer of the institution of incarceration, nor did he include a certified copy of his prison trust account statement. See 28 U.S.C. § 1915(a)(2). Plaintiff Jones will be given an opportunity to resubmit his application.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Jones shall proceed as the sole plaintiff in case # 1:05-CV-1170-REC-DLB-P;
2. The claims of plaintiffs Westlake, McLeod, Saise, Webb and Robinson are severed from the claims of plaintiff Jones;
3. The Clerk of the Court is directed to:
    a. Open five separate civil actions for plaintiffs Westlake, McLeod, Saise, Webb and Robinson;

      b.    Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

      c.    File and docket a copy of this order in the new actions opened for plaintiffs Westlake, McLeod, Saise, Webb and Robinson;

      d.    Place a copy of the complaint filed on September 14, 2005, in the instant action in the new actions opened for plaintiffs Westlake, McLeod, Saise, Webb and Robinson;

      e.    Send plaintiffs Westlake, McLeod, Saise, Webb and Robinson, each an endorsed copy of the complaint, filed September 14, 2005, bearing the case number assigned to his own individual action;

      f.    Send plaintiffs Westlake, McLeod, Saise, Webb and Robinson, each a civil rights complaint form; and

      g.    Send **all** plaintiffs, Jones, Westlake, McLeod, Saise, Webb and Robinson, each an application to proceed in forma pauperis by a prisoner;

4.    Within **thirty (30) days** from the date of service of this order, plaintiffs Westlake, McLeod, Saise, Webb and Robinson, shall each file an amended complaint bearing his new case number.

5.    Within **thirty (30) days** from the date of service of this order, all plaintiffs, Jones, Westlake, McLeod, Saise, Webb and Robinson, must either pay the $250.00 filing fee in full for the filing of his case number, or submit a completed application to proceed in forma pauperis bearing his new case number.

6.    <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

Dated:   October 11, 2005                            **/s/ Dennis L. Beck**
3c0hj8                                                UNITED STATES MAGISTRATE JUDGE