# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER JONES,                              CASE NO. 1:05-CV-01170-AWI-DLB-P

                        Plaintiff,              ORDER DISMISSING AMENDED
                                                COMPLAINT WITH LEAVE TO AMEND

        v.

J. WOODFORD, et al.,

                        Defendants.

_____/

I.      Screening Order

        A.      Screening Requirement

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's amended complaint filed

December 14, 2005.

        The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

3    support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

4    U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

5    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

6    standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

7    Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

8    favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

9    U.S. 411, 421 (1969).

10           B.      Summary of Plaintiff's Complaint

11           The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison

12   ("PVSP").  Plaintiff names Director Woodford, Warden Yates, Associate Warden Trimble, Captain

13   Davis, Lieutenants Polan and Place, Classification Officer Cano and Sergeant Vera as defendants.

14   Plaintiff is seeking money damages and injunctive relief.

15           Plaintiff alleges that on April 20, 2005, he arrived at PVSP and was established as having 24

16   points and was endorsed to Level 1 yard.  He was placed in orientation for 15 days.  On May 4, 2005,

17   plaintiff went before defendant Cano and was told he would be placed on the Level 3 yard for

18   approximately one (1) month because he had to obtain copies of old police reports.  Plaintiff was

19   placed on C Yard.

20           After being on C yard for a few weeks, he witnessed several fights.  Plaintiff contends he

21   filed inmate appeals concerning his safety and housing but received no response.  On May 21, 2005,

22   plaintiff was working in the kitchen and witnessed defendant Davis strike an inmate.  Plaintiff also

23   alleges that defendant Davis had previously been verbally abusive toward him.

24           Plaintiff alleges that on July 16, 2005, he was attacked by other inmates in a dispute relating

25   to his cell mate.  Plaintiff was injured and taken to the hospital.  He was then placed in

26   administrative segregation.  On July 21, 2005, plaintiff went before classification official defendant

27   Cano and was informed that he would be placed on another Level 3 yard.  Plaintiff protested and

28   insisted that he would be in danger if he were placed back on a Level 3 yard.  Plaintiff alleges that

1   defendant Cano and Vera laughed at him and told him they were still waiting for his police reports.

2       Plaintiff received a rules violation for the July 16, 2005 incident for which he was found

3   guilty and assessed an additional 30 days incarceration.  He also lost privileges and his classification

4   score was increased by six (6) points.  Plainitff filed an inmate appeal concerning the rules violation.

5       In September 2005, plaintiff was examined by a nurse and told he was suffering from an

6   anxiety disorder.

7       C.     Plaintiff's Claims

8       1.     Classification

9       Prisoners have no constitutional right to a particular classification status, see Moody v.

10  Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated

11  at a particular correctional facility.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Accordingly,

12  absent a motive that implicates constitutional concerns, the failure of plaintiff to be "classified" or

13  placed in orientation do not give rise to a claim for relief.  Plaintiff has alleged no facts that indicate

14  that a motive that would implicate constitutional concerns was behind plaintiff's placement on "B"

15  Yard.  Accordingly, plaintiff's allegations relating to the failure to defendants to properly classify

16  him fail to give rise to any claims for relief under section 1983.

17      2.     Eighth Amendment Claim

18      Plaintiff's alleges that defendants failed to protect him from violence and assault.  To

19  constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions

20  must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337,

21  347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide

22  prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint

23  v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.

24  1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison

25  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

26  serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

27      The deliberate indifference standard involves an objective and a subjective prong.  First, the

28  alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S.

3

825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Farmer, 511 U.S. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and citations omitted).

Plaintiff's allegations do not support a finding that plaintiff was subjected to conditions so grave that they rose to the level of an Eighth Amendment violation, Hudson, 503 U.S. at 9, or that defendants acted with deliberate indifference by knowingly disregarding a substantial risk to plaintiff.  Farmer, 511 U.S. at 835.  Plaintiff has not alleged that any of the defendants had reason to believe that plaintiff would be assaulted or that plaintiff was in any particular danger.  Indeed, plaintiff has not alleged he was injured after the July 2005 incident.  Accordingly, plaintiff fails to state an Eighth Amendment claim against any of the named defendants.

3.    Inmate Appeals

To the extent plaintiff bases any of his claims on defendants' alleged failure to process his

4

1   appeal, these claims also fail. "[A prison] grievance procedure is a procedural right only, it does not

2   confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

3   1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,

4   334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement

5   to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence

6   of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640

7   (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural

8   protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10;

9   Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a

10  grievance does not state a constitutional violation. Buckley, 997 F.2d at 495. Thus, a prison

11  official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the

12  basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

13          4.      Verbal Harassment

14          Plaintiff is also advised that verbal harassment or abuse alone is not sufficient to state a

15  constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th

16  Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d

17  923, 925 (9th Cir. 1987).

18          D.      Conclusion

19          The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure

20  to state any claims upon which relief can be granted. The court has provided plaintiff with the legal

21  standards that appear to be applicable to his claims and will provide plaintiff with the opportunity

22  to file an amended complaint. In drafting his amended complaint, plaintiff is cautioned that it is his

23  responsibility to organize his complaint so that defendants and the court can readily ascertain which

24  claims plaintiff is pursuing against which defendants.

25          Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be

26  complete in itself without reference to any prior pleading. As a  general rule, an amended complaint

27  supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

28  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

1    Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

2    of each defendant must be sufficiently alleged.

3           Based on the foregoing, it is HEREBY ORDERED that:

4           1.      Plaintiff's complaint is dismissed, with leave to amend;

5           2.      The Clerk's Office shall send plaintiff a complaint form;

6           3.      Within thirty (30) days from the date of service of this order, plaintiff shall file an

7                   amended complaint;

8           4.      The failure to file an amended complaint that complies with this order may result in

9                   an order striking the amended complaint from the record; and

10          5.      The failure to file an amended complaint will result in a recommendation that this

11                  action be dismissed, without prejudice, for failure to obey a court order.

12

13          IT IS SO ORDERED.

14    **Dated:    September 20, 2006**                    _____**/s/ Dennis L. Beck**_____

15    3b142a                                             UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28