**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS,<br><br>  Defendants.<br>_____/ | CASE NO. 1:05-CV-01170-AWI-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.<br>OBJECTIONS DUE WITHIN 30 DAYS. |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, in conjunction with several other plaintiffs filed a complaint on September 14, 2005. On October 12, 2005, this court severed the action and ordered that plaintiff file an amended complaint. Plaintiff filed his first amended complaint on December 14, 2005. On September 21, 2006, the court dismissed the amended complaint with leave to amend. Pending before the court is Plaintiff's second amended complaint filed on October 25, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison ("PVSP"). Plaintiff alleges that on April 24, 2005, he arrived at PVSP and was assigned to a level 1 yard. Plaintiff alleges in June 2005, he was placed in a housing level which was a higher security level than his custody classification. Plaintiff alleges that while in this unit, the other inmates conspired against him and threatened to kill him if he did not do what they wanted. Plaintiff also alleges that he was attacked by these inmates on July 16, 2005. Plaintiff does not know the identity of the officers responsible for his housing placement.

Plaintiff also alleges that on July 2, 2005, Officers Davis and Officer Velasquez verbally humiliated him when he urinated on himself after Officer Davis refused to allow him to use the bathroom. Plaintiff seeks monetary damages.

C.     Plaintiff's Claims

The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

Plaintiff was previously advised that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff was also cautioned that it is his responsibility to organize his complaint so that defendants and the court can readily ascertain which claims plaintiff is pursuing against which defendants.

Plaintiff has not articulated which of his constitutional rights were violated as a result of the any of the alleged incidents in the second amended complaint. Further, while plaintiff refers to Officers Davis and Velasquez in the body of the compliant, he has only listed the California Department of Corrections as the defendant. Plaintiff may not sustain an action against a state agency. The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook v. Sulphur Springs Valley Elec. Co. 951 F. 2d 1050, 1053 (9th Cir. 1991); ; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit. Accordingly, plaintiff has failed to state a claim upon which relief can be granted. Additionally, even if the court construes plaintiff's second amended compliant in the light most favorable to him, plaintiff fails to state a claim upon which relief can be granted for the reasons outlined below.

      1.      Classification

Plaintiff's second amended complaint alleges that defendants improperly placed him in a

housing unit with a higher security classification. Prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff has alleged no facts that indicate a motive implicating constitutional protections was the impetus behind plaintiff's placement in level 1 housing. Accordingly, plaintiff's allegations relating to defendants' failure to properly classify him fails to give rise to any claims for relief under section 1983.

      2.      <u>Eighth Amendment Claim</u>

Although plaintiff's amended complaint did not specifically allege an Eighth Amendment violation, it appears that plaintiff contends that because defendants placed him in a level 1 housing unit, they failed to protect him from violence and assault. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Farmer, 511 U.S.

1  at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d at 1128; see also Daniels v. Williams, 474 U.S. 327, 330-32 (1986).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff's allegations do not support a finding that plaintiff was subjected to conditions so grave that they rose to the level of an Eighth Amendment violation, Hudson, 503 U.S. at 9, or that defendants acted with deliberate indifference by knowingly disregarding a substantial risk to plaintiff. Farmer, 511 U.S. at 835. First, plaintiff has not named a specific defendant. Further, he has not alleged that any of the defendants had reason to believe that plaintiff would be assaulted or that plaintiff was in any particular danger. Although plaintiff states that he was attacked by other inmates, he has not indicated that prison officials were aware the risk and that they acted with deliberate indifference to a substantial risk of serious harm. Accordingly, plaintiff fails to state an Eighth Amendment claim.

3.     Verbal Harassment

The court previously advised plaintiff that verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, plaintiff's allegations that Officers Davis and Velasquez laughed at him after he urinated in his pants does not rise to a constitutional violation. Similarly, Officer Davis' alleged refusal of plaintiff's request to use the bathroom on one occasion

5

does not constitute an extreme deprivation sufficient to establish an Eighth Amendment claim.

D.   Conclusion

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted under section 1983 or state law.  Plaintiff was previously notified of the deficiencies in claim but was unable to cure them.  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed as follows for failure to state a claim upon which relief may be granted:

1.   Plaintiff's claims in his second amended complaint be dismissed, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 15, 2007**            **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE